UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| E-BIOFUELS, LLC | ) | CASE NO.   12-03816-FJO-7 |
| | ) | |
| DEBTOR. | ) | |

**MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE CLAIMS AGAINST JEFFREY T. WILSON, ANNALEE C. WILSON, ARRAKIS OIL RECOVERY, LLC; MIDAMERICA OIL SANDS, LLC; AND PEAK CONCEPTS, LLC IN ADVERSARY PROCEEDING NUMBER 13-50091**

Richard E. Boston, as Trustee of the Bankruptcy Estate of E-biofuels, LLC ("Trustee"), by counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, petitions the Court for authority to settle and compromise the claims the estate has asserted in Adversary Proceeding Number 13-50091 against Jeffrey T. Wilson, Annalee C. Wilson, Arrakis Oil Recovery, LLC; MidAmerica Oil Sands, LLC; and Peak Concepts, LLC, and in support of this motion states:

**BACKGROUND**

1.      E-biofuels, LLC ("Debtor" or "E-biofuels") is the debtor in the main case in which this adversary proceeding is filed.  E-biofuels filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on April 4, 2012 (the "Petition Date").

2.      The Trustee was appointed as the interim trustee under § 701 of the Bankruptcy Code on the Petition Date, and in accordance with § 702(d) of the Bankruptcy Code became the permanent trustee following the meeting of creditors held under § 341(a).  Pursuant to 11 U.S.C. § 323(a), the Trustee is the representative of the Estate with full capacity to prosecute this action.

3.      On April 2, 2013, the Trustee filed his Complaint (the "Complaint") in Adversary

Proceeding No. 13-50091 (the "Adversary Proceeding") against Jeffrey T. Wilson, Annalee C. Wilson, Arrakis Oil Recovery, LLC; MidAmerica Oil Sands, LLC; and Peak Concepts, LLC, seeking to recover certain real estate located in Logan County, Kentucky, or the value thereof, which was purchased on July 29, 2011 with $242,000.00 of the Debtor's funds, but titled in the name of Jeffrey T. Wilson ("Wilson") and thereafter conveyed by Wilson to other defendants. The Complaint alleges the Debtor was insolvent when the real estate was purchased and transferred, that Wilson and subsequent transferees were insiders who provided no consideration for the real estate, which was beneficially owned by the Debtor, and that the real estate or the value thereof may be recovered by the estate from the transferees pursuant to 11 U.S.C. §§548 and 550 and Ind. Code § 32-18-2 *et seq.* (the "Indiana Uniform Fraudulent Transfer Act").

    4.    The Trustee has engaged in extensive investigation and discovery with regard to the facts relevant to the Complaint, including review of hundreds of documents and financial records, consultation with the estate's expert accountant advisors, and multiple interviews with Wilson regarding the facts.

    5.    After negotiations, the Trustee has agreed, subject to this Court's approval, to resolve all claims which are asserted or could be asserted in the Adversary Proceeding against the Defendants in Adversary Proceeding No. 13-50091 on the terms set forth in the Settlement Agreement attached hereto as Exhibit "A," which is incorporated by reference. The Settlement Agreement generally provides:

    (a)    The Defendants shall execute an Agreed Consent Judgment, consenting to a judgment which provides that the Trustee shall be entitled to (1) avoid the transfers of the Real Estate and recover the Real Estate for the benefit of the

        bankruptcy estate free of any claim or interest of any Defendant; and (2) a money judgment in the amount of $242,000.00 against Jeffrey Wilson and Arrakis Oil Recovery, jointly and severally (the "Judgment");

(b)   That, notwithstanding the entry of the Judgment, the Trustee shall forbear from executing upon and enforcing the Judgment so long as Defendants timely make the following payments totaling $242,000.00:

    (1)   An initial payment of $5,000 on May 31, 2013, and monthly payments of $5,000 on the last day of each month through July, 2013; followed by

    (2)   An additional $15,000 payment on or before August 31, 2013; and

    (3)   Monthly payments of $25,000 each on or before September 30, 2013 and the last day of each month thereafter until the total sum of $242,000.00 has been paid;

(c)   Upon completion of all payments totaling $242,000.00 as provided above, the Judgment shall be satisfied;

(d)   That in the event of a default with respect to any of the above-mentioned payments, the Trustee may at his election (1) require Defendants to execute a general warranty deed conveying the Real Estate to the Estate in full satisfaction of the judgment; (2) sell the Real Estate at private or public sale and to the extent the net proceeds of sale are less than $242,000.00, collect any deficiency from Jeffrey Wilson and/or Arrakis Oil Recovery; or (3) disclaim interest in the Real Estate and collect the Judgment amount of $242,000.00 from Arrakis Oil Recovery and/or Jeffrey Wilson, jointly and severally.

**RELIEF REQUESTED**

6. By this Motion, the Trustee requests that the Court enter an Order Approving the proposed settlement with Defendants and the Trustee to settle claims asserted against Defendants pursuant to the terms set forth in the Settlement Agreement, and that the Trustee be authorized to sign the Settlement Agreement on behalf of the bankruptcy estate.

**BASIS FOR GRANTING RELIEF**

7. Federal Rule of Bankruptcy Procedure 9019(a) provides the Court may approve a compromise or settlement after motion by the Trustee, notice to creditors and a hearing. Section 102 of the Bankruptcy Code provides that notice and a hearing means after appropriate notice and opportunity for a hearing, but authorizes action without a hearing if no timely objection or request for hearing is made.

8. Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's informed judgment and consider the competency and experience of counsel supporting the compromise. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582 (7th Cir.1994); *In re Int. Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

9. The factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (c) the paramount interest of creditors. *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987).

10. Taking into account the facts relating to the claims asserted against Defendants, the complexity of issues involved in the litigation, the risk the Trustee may not prevail at trial, or may prevail only partially on the merits, and the risks of satisfying any judgment from the assets of Defendants, the Trustee believes the proposed settlement is a reasonable exercise of sound business judgment and in the best interest of Debtor's estate.

**WHEREFORE,** the Trustee respectfully petitions the Court for an order: (1) approving the proposed compromise and settlement with Defendants on the terms and conditions set forth the Settlement Agreement; (2) authorizing the Trustee to execute the Settlement Agreement and all necessary documents and releases as required to complete the settlement; and (3) for all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Counsel for the Trustee

By: /s/ John M. Rogers
John M. Rogers
Attorney No. 6182-49
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue, Ste. 500
Indianapolis, Indiana 46204-2161
(317) 634-0300, Fax: No. (317) 263-9411

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2013 a copy of the foregoing *Motion for Authority to Compromise and Settle* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Elliott D. Levin
robin@rubin-levin.net

United States Trustee
ustpregion10.in.ecf@usdoj.gov

Daniel Lapointe Kent
dkent@lapointelawfirm.com

Mary Jane Lapointe
Maryj@lapointelawfirm.com

Daniel A. Tucker
dtucker@thbklaw.com

William J. Tucker
Wtucker@thbklaw.com

Thomas R. Harper
mr.thomas.harper@gmail.com

Matthew T. Gensburg
Gensburm@gtlaw.com

Kayla Britton
kayla.britton@faegrebd.com

David A. Foster
david.foster@faegrebd.com

Jay Jaffe
jay.jaffe@faegrebd.com

Bruce N. Elliott
Elliott@cmplaw.com

Mark Joseph Elmore
mark.elmore@haynesboone.com

Matthew Braxton Mills
Mmillis@hooverhull.com

Alice M. Morical
amorical@hooverhull.com

Charles Wharton
Charles.R.Wharton@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

      I further certify that on May 20, 2013, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Hamernik LLC
One Indiana Square, #1550
Indianapolis, Indiana 46204

                                                     /s/ John M. Rogers
                                                     John M. Rogers

G:\WP80\TRUSTEE\Boston\E-biofuels-85058801\Arrakis Oil\Motion to Compromise and Settle.wpd